Filed 12/26/13  P. v. Allen CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072863 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04000) |
| v. | |
| ANTHONY LEE ALLEN, JR., | |
| Defendant and Appellant. | |

A jury found defendant Anthony Lee Allen, Jr., guilty of being a convicted felon in possession of a gun and ammunition.  The trial court sustained recidivist allegations.  The court sentenced him to five years in state prison.

On appeal, defendant asserts the admission into evidence of a redacted recording of a 911 call was erroneous in three respects.  He contends it violated his constitutional right to confrontation; it did not come within the hearsay exception for a spontaneous

1

utterance; and some of the statements were sufficiently prejudicial that they violated his right to due process. We reject these arguments and will thus affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The circumstances underlying the offenses are irrelevant to defendant's claims, and we do not need to assess prejudice. We therefore confine our focus to the recording of the 911 call and the pertinent procedural background.

The precipitating event eventually culminating in the discovery of the gun and ammunition in a motel room to which defendant had a key was a call that defendant's girlfriend—the mother of his children—made to 911 to report threats he had made against her and their children. As redacted in the version played at trial, the recording begins with the girlfriend's initial call being disconnected on transfer to the sheriff's dispatcher, who called the girlfriend back. After providing defendant's name, his description, and the type of car he was driving, the girlfriend told the dispatcher "he's talking about comin' over here [and] doin' his babies in and somebody needs to hurry up." The girlfriend named a motel and room number where defendant was staying, about 10 minutes from her location. In response to the girlfriend's voiced concern about the imminence of defendant's arrival, the dispatcher assured the girlfriend that deputies were already on their way while she was speaking with her. At that point, the girlfriend explained that she had taken a cab home from the motel "because he was scaring me"; defendant then phoned her when she got home, threatening to come there with a gun. There were three teenagers and two young children with her.

Defendant moved in limine before trial to exclude the 911 recording. He argued admission of the recording would violate his right of confrontation, and further asserted that it was untrustworthy hearsay that did not come within the exception for spontaneous utterances.

2

At the hearing, the prosecutor conceded that one portion ("track three") of the complete recording was irrelevant, and the court agreed with defendant that another portion ("track two") was inadmissible double hearsay. After listening to "track four," the substantive communication with the girlfriend, the court concluded that it came within the exception for spontaneous utterances because her voice clearly indicated that she was "quite fearful, scared" for her own safety as well as the safety of her children, and that her utterances preceded any opportunity to contrive them. Without elaboration, the court also ruled that the statements were not testimonial (and thus not subject to defendant's right of confrontation). The court excluded certain statements in the recording as being unduly prejudicial; these included references to defendant's parole status, his habit of carrying a gun, and his being "high on crystal meth." When the court asked defense counsel if he thought any other portions were prejudicial, defense counsel identified only a segment that he did not consider relevant, which the court excised. Defense counsel noted that he had been unable to locate the girlfriend, who was not on the prosecutor's list of proposed witnesses. (At trial, the prosecutor stated that investigators had not been able to locate her.)

## DISCUSSION

### I. The 911 Recording Was Not Testimonial

Admission of extrajudicial "testimonial" statements (e.g., "[s]tatements taken by police officers in the course of interrogations") is a violation of a defendant's federal constitutional right to confrontation, except where the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant. (*Crawford v. Washington* (2004) 541 U.S. 36, 38, 42, 51-52, 59, 68 [158 L.Ed.2d 177].) The United States Supreme Court has subsequently struggled to forge a consensus on the definition of "testimonial." (*Williams v. Illinois* (2012) 567 U.S. ___ [183 L.Ed.2d 89]; *Bullcoming v. New Mexico* (2011) 564 U.S. ___ [180 L.Ed.2d 610]; *Melendez-Diaz v. Massachusetts*

3

(2009) 557 U.S. 305 [174 L.Ed.2d 314]; *Davis v. Washington* (2006) 547 U.S. 813 [165 L.Ed.2d 224] (*Davis*).)  We do not need to detail the circumstances of these cases or the analytic wrestlings of the splintered opinions in them.  The California Supreme Court has interpreted them and arrived at the following criteria for determining if a statement is testimonial, which is binding on this court until there is a subsequent ruling squarely to the contrary from the United States Supreme Court.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *People v. Dunn* (1995) 40 Cal.App.4th 1039, 1050.)  "First, to be testimonial the [extrajudicial] statement must have been made with some degree of formality or solemnity."  (*People v. Lopez* (2012) 55 Cal.4th 569, 581-582 [lab reports not testimonial].)  "Second, the statement is testimonial only if its primary purpose pertains in some fashion to a criminal prosecution."  (*People v. Dungo* (2012) 55 Cal.4th 608, 619, 620-621 [autopsy report not testimonial].)  We note defendant does not discuss either of these cases in his briefing.

A 911 call fails in both respects.  It lacks *any* degree of formality or solemnity, and the primary purpose—at least in the present case—is to seek assistance in an emergency situation, not to secure a conviction at a trial.  (*People v. Gann* (2011) 193 Cal.App.4th 994, 1008.)

Defendant relies on the principle that a nontestimonial 911 call may "evolve" into testimonial statements if the apparent emergency evanesces, or if the conversation shifts from addressing the emergency to gathering evidence for a subsequent trial.  (*People v. Blacksher* (2011) 52 Cal.4th 769, 814-815, citing *Michigan v. Bryant* (2011) 562 U.S. ___ [179 L.Ed.2d 93] and *Davis*, *supra*, 547 U.S. at pp. 826-827 [165 L.Ed.2d at pp. 239-240].)  This does not aid him, however.  The girlfriend was reporting that the armed defendant, in a drug-induced frenzy, intended at least to threaten her and their children with his gun or inflict injury.  Defendant was at large at the time of the call.  All the information that the girlfriend provided was pertinent to locating defendant and assessing

the degree of risk he posed to the public at large and the responding officers. As for his alternative argument, defendant does not provide any case authority *holding* that there must be corroboration of a declarant's statements in order to establish that the primary purpose of the 911 call was to seek assistance for an emergency situation; that this may have been *a* circumstance in the cases he cites does not establish that this fact was *necessary* to their holdings and thus was part of their ratios decidendi. (*DeVore v. California Highway Patrol* (2013) 221 Cal.App.4th 454, 461.)

The trial court correctly determined that the 911 call was not testimonial. We therefore reject defendant's claim of error based on this theory.

## II. The 911 Call Was a Spontaneous Utterance

We determine whether the trial court acted rationally in deciding whether the facts before it came within the hearsay exception for spontaneous utterances, i.e., whether this was an informed exercise of its discretion. (*People v. Poggi* (1988) 45 Cal.3d 306, 318-319.) It is essential to the foundation of trustworthiness for this exception to the hearsay rule that the facts show a state of nervous excitement on the part of the declarant that is sufficient to abate the declarant's reflective powers. (*Ibid.*) *Poggi* suggests that on this specific issue, a trial court's exercise of its discretion is all but absolute. (*Ibid.*)

Defendant focuses on the fact that the girlfriend's specification of the motel room number associated with him was not a fact that itself contributed to her excited state, and was in response to a question. However, the focus is on the *mental state* of the declarant in making the statement, not the *substance* of the statement, and the answer to a simple inquiry is not deprived of its "spontaneity"—i.e., its lack of deliberation or reflection— merely on that basis. (*People v. Farmer* (1989) 47 Cal.3d 888, 903-904.) In discussing the absence of evidence of the lapse of time between his threat and the 911 call (an argument that defendant impermissibly raises for the first time in his reply brief (*Sourcecorp, Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061, fn. 7)), defendant claims

5

the girlfriend's "mental state is not entirely clear . . . [and] the court cannot ensure she was in a frantic state." This completely disregards the trial court's express finding that the victim's voice was fear-choked. Moreover, it ignores the fact that regardless of the lapse of time, the girlfriend was in fear of defendant's impending arrival.

Defendant has failed to establish an abuse of the substantial discretion accorded the trial court on this issue. We therefore reject his claim of error.

### III. Evidence Code Section 352 Argument Is Forfeited

While defendant's argument on the motion in limine raised in passing the issue of whether the 911 recording *as a whole* was more prejudicial than probative, defense counsel did not identify any additional *particular* statements he thought the trial court should exclude on this basis even when the court *specifically solicited* his input (other than the one portion we mentioned above). Defendant now, however, contends the trial court erred in failing to excise his criminal threats against the girlfriend and their young children. He further argues this violated his federal right of due process.

Counsel did not object in the trial court to the criminal threats as being more prejudicial than probative. The issue is thus forfeited on appeal. (Evid. Code, § 353, subd. (a).)

Had defendant raised the issue unsuccessfully in the trial court, the criminal threats to *make use* of a gun are not only relevant to whether defendant *possessed* the gun found in the motel room associated with him, they are highly relevant. We therefore would not find an abuse of discretion in admitting the evidence over objection.

Moreover, even if this evidence *were* more prejudicial than probative, defendant can establish a violation of due process only where the evidence does not give rise to *any* permissible inference. (*People v. Hunt* (2011) 196 Cal.App.4th 811, 817.) Therefore, any

6

"error" in admitting the evidence would not have violated his right under federal law to due process.

## DISPOSITION

The judgment is affirmed.


                                               BUTZ         , J.


We concur:


      ROBIE       , Acting P. J.


      MAURO      , J.